IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BERNIE D. METZ,

    Petitioner,

v.                                              Civil Action No. 5:12CV30
                                                 (Criminal Action No. 5:09CR51)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On January 4, 2010, the pro se[1] petitioner, Bernie D. Metz, pled guilty to a two-count information with a forfeiture allegation. Count One charged her with embezzlement from a credit union by an employee, in violation of 18 U.S.C. § 657, and Count Two charged her with money-laundering, in violation of 18 U.S.C. § 1957. The plea agreement included a binding agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of 87 months was appropriate for disposition of the case. This Court rejected the binding agreement and advised the petitioner that she may withdraw her plea of guilty if she wished to do so.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

On July 22, 2010, the petitioner appeared in person with counsel for a status conference regarding whether the petitioner decided to withdraw her plea of guilty. At that time, the petitioner informed this Court that she did not wish to withdraw her plea of guilty. This Court then conducted a Rule 11 colloquy and petitioner reaffirmed her guilty plea. Thereafter, the parties continued to work toward a resolution regarding the plea agreement. An addendum to the plea agreement was signed by the petitioner on October 8, 2010, adding additional provisions to the plea agreement concerning the amount of provable losses and agreeing that continued cooperation would earn the petitioner the government's recommendation for a three-level guideline reduction for acceptance of responsibility.

On February 23, 2011, this Court held the petitioner's sentencing hearing where it heard testimony and oral argument regarding the amount of restitution to be paid by the petitioner, to whom the restitution was to be paid, and the priority of payments. This Court then sentenced the petitioner to 108 months imprisonment on each count, to run concurrently, and a five year term of supervised release on Count One and a three year term of supervised release on Count Two, to run concurrently. This Court also ordered the forfeiture of certain property and restitution.

Thereafter, the petitioner did not file a direct appeal of her sentence. The petitioner did, however, file this motion under 28

U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied. The matter was referred to United States Magistrate James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert issued a report and recommendation, recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report. Thereafter, the petitioner filed timely objections to portions of the report and recommendation. For the reasons set forth below, however, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will

undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

Petitioner raises four claims of ineffective assistance of counsel in her § 2255 motion. Petitioner asserts that: (1) her counsel failed to provide a proper investigation and defense by failing to hire a defense forensic accountant and computer expert; (2) her counsel failed to challenge and rebut misrepresentations of facts by the prosecutor reported in the media; (3) her counsel failed to adequately explain to her the terms of her plea without the plea agreement; and (4) her counsel failed to challenge the sophisticated means enhancement to her sentence at her sentencing hearing. The government responded in opposition to these claims and the petitioner filed a reply. In her reply, the petitioner for the first time made a claim for ineffective assistance of counsel for not filing a notice of appeal on her behalf after she asserts that she specifically requested counsel to do so. The magistrate judge recommended that all the ineffective assistance claims be denied including the claim concerning the alleged failure to file an appeal. The petitioner filed objections to this recommendation, but only as to her claims that her counsel failed provide a proper investigation and defense and failed to adequately explain the terms of her plea without the plea agreement. Accordingly, this Court shall review the magistrate judge's findings as to those

4

claims de novo.  The remainder of the findings, which were not objected to, will be reviewed for clear error.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court concluded that the two-part inquiry established in Strickland v. Washington for determining the effectiveness of counsel also applies in cases in which the defendant pleads guilty.  Id. at 57. Under this standard, a petitioner must first prove that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  This first prong is generally referred to as the performance prong.  Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).  The second prong is referred to as the prejudice prong. Id.  Under the prejudice prong, in a case involving a guilty plea rather than a trial, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).  "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong."  Fields, 956 F.2d at 1297.

A.  Failure to Perform an Adequate Investigation

The petitioner first argues that her counsel provided her with ineffective assistance because he failed to perform an adequate investigation.  Specifically, the petitioner argues that counsel

5

failed to hire a forensic investigator, failed to challenge a final assets and liability statement, and failed to hire a computer expert. As the magistrate judge correctly stated, claims of ineffective assistance of counsel for failure to investigate are analyzed in light of all circumstances, "applying a heavy measure of deference to counsel's judgments." Yarbrough v. Johnson, 520 F.3d 329, 338 (4th Cir. 2008). In considering claims of ineffective assistance of counsel for failure to investigate, "[w]e address not what is prudent or appropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n. 38 (1984)).

As to the petitioner's claim based on an alleged failure to investigate, the magistrate judge first found that the record reflects that counsel did hire a forensic accountant. The petitioner objects to this finding, stating that her counsel informed her of the intent to hire a forensic accountant, but she was unaware that one was actually hired. After a review of the record, however, it is clear, as the magistrate judge stated, that a forensic accountant was in fact hired. At a status conference, attended by the petitioner, her counsel stated on record that he had hired a forensic accountant from Huntington, West Virginia, and that he had a meeting set up with the accountant on August 6, 2010. See ECF No. 123 *3 and 10. As the petitioner was in attendance for

this hearing, her objection that she only knew of counsel's intent to hire an investigator is without merit.

Second, as to the petitioner's argument that counsel failed to hire a computer expert, the magistrate judge found that assuming a computer expert had been retained, the petitioner failed to demonstrate deficiency or prejudice as required by Strickland. The magistrate judge found that ample evidence exists in the record to show that there was at least $9,000,000.00 unaccounted for, and the petitioner was only convicted of embezzling $4,857,869.00. The magistrate noted that an auditor testified at sentencing that the reason only $4,857,869.00 could be proven was because certain records were unobtainable to prove the remainder of the unaccounted for loss. The petitioner objects to this finding, taking issue with the fact that she believes the records were in fact obtainable. This objection is without merit. It does not negate the fact that the amount her sentence was based on was proven by the records that were obtained by the government. She has not provided this Court with any explanation of how the remainder of the records would have aided her at sentencing and, therefore, as the magistrate judge stated, she has not shown how she was prejudiced by not having a computer expert to retain such records.

Third, the petitioner argued that her counsel failed to challenge the final list of her assets and liabilities and allowed property that she never owned to be subject to forfeiture. The

7

magistrate judge found that such argument did not constitute ineffective assistance of counsel, because the petitioner stipulated to the properties that were listed for forfeiture and agreed to waive all constitutional and statutory challenge to any forfeiture carried out in accordance with the plea agreement. In her objections, the petitioner does not challenge the finding that she agreed to the forfeiture of such property and waived her right to challenge such forfeiture, she merely contends that the property was not hers. This objection is without merit, as it does not address the fact that she waived her right to challenge the forfeiture and the fact that she had previously stipulated to the property listed for forfeiture. Accordingly, after reviewing the record, this Court agrees with the magistrate judge's finding that the petitioner did stipulate to the forfeiture of such property and waived her right to challenge the forfeiture. Therefore, she cannot state a claim for ineffective assistance of counsel based on her counsel's alleged failure to contest the list of properties to be forfeited. Accordingly, any claims for ineffective assistance of counsel based on counsel's alleged failure to investigate must be dismissed.

    B.   <u>Failure to Challenge Misrepresentations in the Media</u>

The petitioner next argues, that her counsel was ineffective for failing to correct misrepresentations and statements made by the prosecutor in the media. Specifically, she asserts that either

8

or both the Internal Revenue Service Agent and the Assistant United State Attorney stated that she used the credit union's account as her "personal piggy bank." As the magistrate judge stated, however, this claim is without merit because her counsel has no obligation to defend the petitioner in the media. Further, the magistrate judge noted that the petitioner cannot prove she was prejudiced by this alleged comment because her conviction and sentence was based on her own admissions and amble evidence. The petitioner does not object to these findings and after reviewing the case law and the record, this Court finds no clear error in such findings and, therefore, this claim must be dismissed.

C. <u>Explanation of the Terms of the Plea Without the Plea Agreement</u>

The petitioner's third argument concerning ineffective assistance of counsel, is that her counsel failed to explain the terms of her plea without the plea agreement. After an extensive review of the record, including the transcript of the petitioner's original plea hearing, the status conference addressing this Court's rejection of the binding plea, and the petitioner's sentencing hearing, the magistrate judge found it was clear that the petitioner did understand her plea of guilty to the two-count information and her plea was knowing, intelligent, and voluntary. The petitioner objects to this finding, arguing that while she is not blaming her counsel for not receiving additional concessions in

her plea agreement, she believes her counsel had an obligation to properly inform her of what was happening and she was never informed that they "were working from several versions of the plea." ECF No. 142 *3.

As stated above, in order to show ineffective assistance of counsel after pleading guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The petitioner, does not once state that if her counsel would have adequately explained the terms of pleading guilty without the plea agreement, then she would have insisted on going to trial. Further, the petitioner does not contest the fact that her plea was made knowingly, intelligently, and voluntarily. As the record indicates, and as the magistrate judge stated through his extensive outline of the proceedings leading up to and including sentencing, the petitioner clearly knew what she was doing and to what she was pleading. Accordingly, the petitioner's claim for ineffective assistance of counsel based on an alleged failure to explain the plea agreement is without merit and must be dismissed.

D. <u>Failure to Challenge "Sophisticated Means" Sentencing Enhancement</u>

The petitioner also alleges that had her counsel retained a computer expert and a forensic accountant, she could have

challenged the two-level sentencing enhancement she received for the use of "sophisticated means" to carry out her crimes. After an extensive review of the record, the magistrate judge found that the government had more than ample evidence admitted by and stipulated to by the petitioner that she had in fact used sophisticated and elaborate means to effectuate her crimes. The magistrate judge noted that further investigation by experts could not have disproved the means by which the petitioner admitted she had accomplished her crimes. Further, the magistrate judge notes that the petitioner does not allege that if she had known counsel would fail to object to the "sophisticated means" enhancement, she would not have pled guilty and would have insisted on going to trial.

The petitioner does not object to these findings by the magistrate and after reviewing the magistrate judge's decision and the record in this matter, this Court finds no clear error in the magistrate judge's findings. Therefore, such claim must be dismissed.

### E. <u>Counsel's Failure to File an Appeal</u>

The petitioner's last claim for ineffective assistance of counsel, is that her counsel failed to file an appeal. The petitioner raised this claim for the first time in her reply to her motion to vacate under § 2255. The magistrate judge found that the petitioner's claim was time barred, as it fell outside of the one year limitation period for filing a § 2255 petition and the claim

11

did not relate back to the date that the original petition was filed. The magistrate judge noted that, while the original petition was filed within the one year limitation period, the reply, which was the first instance in which the petitioner raised this claim, was filed months after the limitations period had expired.

The petitioner does not object to this finding and, after a review of the record, this Court finds no clear error in the magistrate judge's finding. Accordingly, such claim must be dismissed.

## IV. Conclusion

Based upon a de novo review of those portions objected to and a clear error review of those portions not objected to, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. Further, the petitioner's document filed as objections to the government's response to petitioner's § 2255 motion (ECF No. 117), which also contains a motion to strike the government's response, a request for sanctions, and a motion to appoint counsel, is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, and to counsel of record

13

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 21, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE